IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILL COMPTON,                          )
                                       )
                 Petitioner,           )
                                       )
        v.                             )      1:14CV328
                                       )
FRANK PERRY,                           )
                                       )
                 Respondent.           )


MEMORANDUM OPINION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE


        Petitioner Will Compton, a prisoner of the State of North Carolina, brings a Petition

[Doc. #1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent

opposes with a Motion to Dismiss [Doc. #4].  According to Petitioner, prison records show

that, on October 11, 2010, he pled guilty to the prison disciplinary offense of escape.

Petitioner denies being informed of this charge or pleading guilty to it.  He claims that he

believed the charge was for possessing an object that could aid in escape.  Nevertheless, the

charge appears in his prison records as an escape conviction.  Petitioner attempted to appeal

the charge, but prison authorities informed him that he had no right to appeal due to the

guilty plea.  On April 15, 2014, Petitioner signed and dated his Petition as having been

placed in the prison mailing system.  The Court received the Petition on April 17, 2014.

After being ordered to answer, Respondent filed its Motion to Dismiss.

<u>Petitioner's Claims</u>

Petitioner raises four claims for relief in his Petition, all of which relate to his disciplinary conviction. First, he contends that the investigating officers did not follow proper procedures in investigating the matter. (Petition, § 12, Ground One.) Second, he claims that officers did not complete a property inventory connected to the investigation and charge. (<u>Id.</u>, Ground Two.) Third, he asserts prison officials did not accurately inform him of the charge against him. (<u>Id.</u>, Ground Three.) Finally, he alleges prison officials denied him the right to learn the substance of the evidence against him and challenge that evidence. (<u>Id.</u>, Ground Four.)

<u>Statute of Limitations</u>

Respondent seeks dismissal of Petitioner's claims on the ground that Petitioner filed them outside of the one-year limitation period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Here, Petitioner is not challenging a state court judgment and makes no claim of a state-created impediment or a new constitutional right. Therefore, subparagraphs (A), (B), and (C) do not apply. Instead, subparagraph (D) controls and Petitioner's one-year limitation period as to those claims commenced on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D). See generally Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002).

Petitioner admits that he learned that the prison considered his conviction to be an escape charge on October 11, 2010, when he appeared at a hearing to adjust his custody status based on the disciplinary conviction. (Petition, §§ 6(b), 12, Ground Three.) All of his claims existed at that time and he either knew of them or could have learned of their existence through due diligence. Therefore, his year to file in this Court began to run on that date and expired a year later on October 11, 2011, without Petitioner having made any filing in this Court.[1] In fact, he did not file his current Petition until April 15, 2014, or almost two and a half years later. His Petition is well out of time.

---

[1] Petitioner did attempt to appeal the disciplinary conviction. That appeal could arguably affect the running of the statute of limitations, because the denial of the administrative appeal could be treated as the trigger under § 2244(d)(1)(D), or the administrative appeal could be a basis for equitable tolling, or the appeal could be considered "other collateral review with respect to the pertinent . . . claim" under 28 U.S.C. § 2244(d)(2). Cf. Dulworth v. Evans, 442 F.3d 1265, 1268-69 (10th Cir. 2006). However, the outcome of the case remains unchanged. Petitioner's appeal ended in a denial on November 14, 2011, or more than two years before he filed his Petition in this Court. (See Petition, § 11(a)(8).)

Petitioner responds to the statute of limitations argument by arguing that (1) the statute of limitations stopped running because he notified prison officials of his claim that his conviction was not for escape and that they had a continuing duty to investigate and (2) because he never pled guilty to an escape charge, his conviction on an escape charge cannot start the running of the statute of limitations. (Response Brief [Doc. #9] at 6, 9.) Both of these arguments fail for the same reason. Petitioner knew as of October 11, 2010, of the fact allegedly supporting his claim, which is that prison authorities considered him to have pled guilty to an escape charge. Nothing in his current arguments changes that fact. He could have brought his claims at that time, but inexplicably failed to do so for more than three years. His claims are untimely and will be dismissed as such.

Also pending before the Court is a Motion [Doc. #7] filed by Petitioner in which he requests time to respond to the Government's Motion to Dismiss, and also requests an appointment of counsel. To the extent Petitioner requested additional time, the Court has allowed that request, and has considered the Response and Brief subsequently filed by Petitioner. However, to the extent Petitioner requests appointment of counsel, no such appointment is appropriate given the dismissal of this case based on the analysis set out above. There are no extraordinary circumstances that would warrant appointment of counsel here. Therefore, the Motion will be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #7] seeking an appointment of counsel is DENIED.

IT IS FURTHER ORDERED that Respondent's Motion to Dismiss [Doc. #4] is GRANTED, that the claims raised in the Petition are DISMISSED, and that this action is DISMISSED. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

This, the 17th day of March, 2015.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge